THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Ricky Darren Sanders, Appellant.
 
 
 
 
 

Appeal From Sumter County
Ralph F. Cothran, Circuit Court Judge

Unpublished Opinion No. 2010-UP-362
 Submitted June 1, 2010  Filed July 12,
2010

REVERSED AND REMANDED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster,
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney
 General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all
 of Columbia, Cecil Kelly Jackson, of Sumter; for Respondent.
 
 
 

PER CURIAM: Ricky
 Darren Sanders appeals his conviction for first-degree criminal sexual conduct
 (CSC).  We reverse and remand.
FACTS
In 2008, Sanders was tried on
 charges of kidnapping and sexually assaulting Olivia in 2002.  McCrea alleged
 that while walking home Sanders grabbed her, dragged her into the nearby woods,
 and raped her.  
During pretrial motions, the
 State sought to exclude McCrea's 1997 conviction for filing a false police
 report.  Sanders argued the conviction would be an indication of McCrea's
 ability to be truthful.[1]  The court stated: "That doesn't come [in] under the rules," and
 after determining the maximum punishment for filing a false police report was
 thirty days' imprisonment, the court ruled that because the punishment was less
 than a year, "[i]t wouldn't be admissible [even] if it happened
 yesterday."  
The jury found Sanders guilty
 only on the charge of CSC, and the trial court sentenced him to thirty years'
 imprisonment.  This appeal followed. 
ISSUE

 1. Did the trial court
 err in excluding the victim's prior conviction for filing a false police
 report?[2]

LAW/ANALYSIS
"The admission or
 exclusion of evidence is a matter addressed to the sound discretion of the
 trial court and its ruling will not be disturbed in the absence of a manifest
 abuse of discretion accompanied by probable prejudice."  State v. Wise,
 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004).  "An abuse of discretion
 occurs when the conclusions of the trial court either lack evidentiary support
 or are controlled by an error of law."  State v. Pagan, 369 S.C.
 201, 208, 631 S.E.2d 262, 265 (2006).  
A witness's prior
 conviction involving dishonesty or a false statement is admissible for
 impeachment regardless of the punishment.  Rule 609(a)(2), SCRE; State v.
 Cheeseboro, 346 S.C. 526, 544, 552 S.E.2d 300, 310 (2001).  However, the
 prior conviction is inadmissible if more than ten years have passed between the
 conviction or release from confinement and the testimony, "unless the court determines, in the interests of justice, that the probative value of
 the conviction supported by specific facts and circumstances substantially
 outweighs its prejudicial effect."  Rule 609(b), SCRE (emphasis added).  
In this case,
 Sanders argued the conviction was an indication of the victim's ability to be
 truthful and responsible; however, the trial court indicated that such a
 conviction was not admissible under the rules.  The trial court ruled that
 because the potential thirty day penalty for the offense was less than one
 year, "it wouldn't be admissible [even] if it happened yesterday." 
 However, Rule 609(a)(2), clearly states, "evidence that any witness has
 been convicted of a crime shall be admitted if it involved dishonesty or false
 statement, regardless of the punishment." (emphasis added) 
 Accordingly, the trial court erred in ruling the conviction inadmissible because
 it carried only a thirty day punishment.  Therefore, we find the trial court
 abused its discretion, and in light of the limited physical evidence in this
 case, such an error resulted in probable prejudice to Sanders.  See, e.g., Wise,
 359 S.C. at 21, 596 S.E.2d at 478 (holding in order to warrant reversal, an
 abuse of discretion must be accompanied by probable prejudice). 
Furthermore,
 although we recognize the conviction is admittedly remote in time, such
 convictions are not categorically inadmissible.  See Rule 609(b), SCRE
 (stating remote convictions may be admitted if in the interest of justice the
 trial court determines the probative value of the evidence outweighs its
 prejudicial effect).  However, because the trial court focused on the potential
 punishment being less than one year, it was never occasioned to determine if
 the conviction fell within the exception provided by Rule 609(b).  
Accordingly, the
 ruling of the trial court is 
REVERSED and REMANDED for a new trial.  
FEW, C.J.,
 THOMAS, and PIEPER, JJ., concur.

[1]  Sanders also maintained he was not responsible for
 the two-year delay between the alleged assault and his arrest or the three-year
 delay between his arrest and trial. 
[2]  We note Sanders also lists a second allegation of
 error as whether the trial court erred in refusing to
 instruct the jury on the issue of consent.  However, because our decision on
 the aforementioned issue is dispositive we are not occasioned to address
 Sanders' second allegation of error.  See Hughes v. State,
 367 S.C. 389, 408-09, 626 S.E.2d 805, 815 (2006) (noting that an appellate
 court need not reach remaining issues on appeal when a decision on another
 issue is dispositive).